granted.[3]  Costs are denied.

Anna M. Kelly, Chicago, Ill., pro se.

Debra L. Stefanik, Dept. of Justice, Washington, D.C., for U.S.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

This case is before the court on the parties' cross motions for summary judgment. The facts are not in dispute.  The legal issue is whether benefits received by plaintiff pursuant to 45 U.S.C. Section 797 of Title VII of the Regional Rail Reorganization Act of 1973 (as amended by the Northeast Rail Service Act of 1981 ("NERSA"), Pub.L. No. 97–35, 95 Stat. 643 (1981)), are taxable as ordinary income.  The court holds that the benefits are subject to taxation; thus, plaintiff's motion for summary judgment is denied and defendant's cross-motion for summary judgment is granted.

**Anna M. KELLY, Plaintiff,**

v.

**The UNITED STATES of America, Defendant.**

**No. 87 C 10761.**

United States District Court, N.D. Illinois, E.D.

Jan. 12, 1989.

### I. Background

In 1982, plaintiff Anne Kelly received the sum of $20,000 as a lump sum termination benefit pursuant to 45 U.S.C. Section 797 of Title VII of the Regional Rail Reorganization Act of 1973 ("Title VII").  In May, 1984, the Railroad Retirement Board advised Kelly that the benefits were taxable. Plaintiff reported the benefits as income and paid the tax thereon in June, 1985—after an IRS audit.  Plaintiff was ultimately assessed a total of $15,297.40 in tax, interest, and penalties on the $20,000 she received.  Plaintiff filed a refund claim with the IRS which was denied.  An administrative appeal of the claim was also denied.

### II. Analysis

This case essentially involves a question of statutory interpretation.  Plaintiff argues that the lump sum benefit she received is specifically exempted from taxation by Section 797d(b) of NERSA.  That section states:

(b) Treatment of benefits

Any benefits received by an employee under an agreement entered into pursuant to section 797 of this title and any termination allowance received under section 797 of this title *shall be con-*

---

*sidered compensation solely for purposes of—*

(1) the Railroad Retirement Act of 1974 (45 U.S.C. 231 et seq.); and

(2) determining the compensation received by such employee in any base year under the Railroad Unemployment Insurance Act (45 U.S.C. 351 et seq.).

45 U.S.C. § 797d(b) (emphasis added).

Plaintiff submits that the emphasized language exempts Title VII benefits from taxation under the Internal Revenue Code, 26 U.S.C. Sections 1, *et seq.* The government contends that the benefits are ordinary income subject to taxation and that the language in issue is not specific enough to constitute an exemption from taxation. The government's position has been adopted by two courts. In *Herbert v. United States*, 850 F.2d 32 (2d Cir.1988), the Second Circuit reversed the district court and held that termination allowances must be included in gross income for federal income tax purposes because neither Section 797d(b) nor its legislative history evidenced a specific intent to exempt such allowances from income. The U.S. Tax Court has also reached the same result. *Martin v. Commissioner,* 90 T.C. 1078 (1988).

This court agrees with the reasoning of the Second Circuit in *Herbert.* Congress need not specifically include any payment as income for it to be subject to taxation. The Internal Revenue Code defines gross income broadly as "all income from whatever source derived." 26 U.S.C. § 61(a) (1982). The Supreme Court gives real effect to this broad definition, recognizing an "intention of Congress to tax all gains except those specifically exempted." *Commissioner v. Glenshaw Glass Co.,* 348 U.S. 426, 430, 75 S.Ct. 473, 476, 99 L.Ed. 483 (1955).

As to the effect of Section 767d(b), the Second Circuit:

fail[ed] to find in the language of § 797d(b) any specific exemption of [plaintiff's] separation allowance from federal income taxation. Though the plain language of § 797d(b) limits the circumstances in which the allowance

shall be considered "compensation," the term "compensation" is not synonymous with the term "income." Rather, in tax statutes, the term "compensation" is often used to describe a· *kind* of income, and is not used as a synonym for "income" itself.

*Herbert, supra,* at 34–35.

This court thus finds that the language of Section 797d(b) does not specifically exempt plaintiff's benefits from taxation. Further, this court agrees with· the· Second· Circuit that the legislative history behind Section 797d(b) does not contain a clear congressional intent to exempt the benefits from federal income taxation. Plaintiff's benefits are therefore subject to taxation.

Plaintiff additionally argues that even if she is obligated to pay taxes on her benefit sum, she should not be required to pay interest and penalty amounts. The court finds that interest and penalties are appropriate here where plaintiff failed to claim the benefit amounts as income until a year after she was informed of their taxable status and only after plaintiff had been selected for audit.